# Illinois Official Reports

## Appellate Court

---

## *People v. Daly*, 2014 IL App (4th) 140624

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHERYN J. DALY, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-14-0624 |
| Filed | December 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court abused its discretion in sentencing defendant to 3½ years in prison for reckless homicide based on the death of her 19-year-old cousin in an accident that occurred when the all-terrain vehicle defendant was driving around her family's rural property with her cousin as a passenger slipped on gravel and overturned, since the record showed that although defendant admitted she drank alcohol earlier in the evening, there was no evidence she was intoxicated, she had no criminal history, she had great rehabilitative potential, the State agreed to a guilty plea and a sentence to probation, and the evidence in mitigation was overwhelming, but the trial court's comments showed that defendant's history, character, and rehabilitative potential were ignored; therefore, defendant's sentence was reduced to probation, the cause was remanded to a different judge for the imposition of conditions of probation, all fines were vacated, and the cause was remanded for the imposition of the mandated fines in effect at the time of the offense, defendant was awarded two days' monetary credit against her creditable fines for her presentence incarceration, and an amended sentencing order was directed to issue. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 13-CF-1853; the Hon. Richard P. Klaus, Judge, presiding. |

| Judgment | Sentence reduced; cause remanded with directions. |
|---|---|

| Counsel on Appeal | Mark D. Lipton, of Meyer Capel, of Champaign, for appellant. |
|---|---|
| | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | PRESIDING JUSTICE POPE delivered the judgment of the court, with opinion. Justices Knecht and Turner concurred in the judgment and opinion. |
|---|---|

## OPINION

¶ 1    In March 2014, defendant, Katheryn J. Daly, entered an open plea of guilty to one count of reckless homicide (720 ILCS 5/9-3(a) (West 2012)). In May 2014, the trial court sentenced defendant to 3½ years in prison. Defendant appeals, arguing the court abused its discretion in rejecting probation, which was requested by defendant and recommended by the State, and sentencing defendant to 3½ years' imprisonment. On appeal, the State concedes the court abused its discretion. We reduce defendant's sentence and remand with directions.

¶ 2                                    I. BACKGROUND

¶ 3    In the early hours of October 6, 2013, following a family birthday party, defendant, then 24 years old, was driving four relatives around the family's rural property on a John Deere Gator, which is an all-terrain-style vehicle (ATV). Seated next to defendant was her 19-year-old cousin, Annie Daly. Defendant made a right turn, and the ATV skidded on wet gravel and overturned. Annie fell off the ATV, suffered internal injuries, and later died. Defendant admitted drinking alcohol earlier in the evening.

¶ 4    On November 7, 2013, the State charged defendant with two counts of aggravated driving under the influence of alcohol (aggravated DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2012)). At the March 20, 2014, pretrial conference, defendant advised the trial court she had reached a plea agreement with the State and requested a plea date. The court stated it would "not continue [the case] past today's date." According to the court, defendant's only choices were to either enter a plea that day or go to trial at 1 p.m. on March 31, 2014. The following exchange then took place:

"MR. LIPTON [(defendant's trial counsel)]: We have–and I was trying to tell the Court that we have a plea agreement and we didn't want to do it today because we don't have all the materials to present to the Court. It could be [ready] next week.

THE COURT: I'm not here next week, Mr. Lipton. The choices are a plea today or March 31 at 1:00 o'clock for trial.

MR. LIPTON: March 31, Judge.

THE COURT: Cause is allotted on the trial setting March 31 at 1:00 o'clock.

MR. LIPTON: I'm sorry. 1:00 o'clock?

THE COURT: 1:00 o'clock, Mr. Lipton, and it is set for trial that date. I will expect the parties to be ready for trial that date.

MR. LIPTON: Is the Court saying that the Court will not accept a plea agreement that day?

THE COURT: Mr. Lipton, what I am saying is now that it is set for trial you will plead open or you will go to trial on March 31."

The court then agreed with counsel's request to take up the matter again at the end of that day's call.

¶ 5    At the end of the March 20, 2014, trial call, Julia Rietz, the Champaign County State's Attorney, appeared personally and requested the court set a plea date. Rietz advised the victim's family members wanted to read victim-impact statements to the court but were not prepared that day to do so. The following exchange then took place:

"THE COURT: The question is why aren't they prepared.

MS. RIETZ: Because they're not.

THE COURT: Ms.–

MS. RIETZ: I can't–

THE COURT: –Rietz–

MS. RIETZ: –They haven't–

THE COURT: –two pre-trials in a row and you were not present. Both of those pre-trials I informed your attorney and Mr. Lipton that I would not continue this case past today's date. Two pre-trials in a row. Sixty days.

Why?

MS. RIETZ: Because they are not prepared to proceed today.

THE COURT: Are they here?

MS. RIETZ: They are here, your Honor.

THE COURT: Then they can make an oral statement to the Court today.

MS. RIETZ: Your Honor, they're not prepared to proceed today; and we're asking the Court to set it for a plea date.

THE COURT: Mr. Lipton, your continuance would be to tomorrow at 9:00 o'clock. Otherwise it's a plea today. Otherwise it's open on the date of trial or [a] trial."

¶ 6    The next morning, the State and defendant presented a negotiated plea agreement whereby defendant would plead guilty to one newly charged count of reckless homicide (count III) in exchange for the dismissal of the two aggravated DUI counts (counts I and II) and the State's sentencing recommendation of 30 months' probation and 180 days in jail, to be served on electronic house detention. The State offered the following factual basis for the plea:

"Your [H]onor, on Sunday, October 6 of 2013[,] at approximately 3:00 o'clock in the morning deputies were called out to the intersection of 600 and 1700E in Philo

- 3 -

regarding an accident with injuries. When they arrived there, they found Annie Daly age[ ] 19 who had suffered injuries. Katie Daly, the Defendant was present. She had performed [cardiopulmonary resuscitation (CPR)] on Annie and had revived her. She admitted that she had been driving the family's [ATV] with Annie in the front seat and three other relatives in the backseat on the family property. They were traveling to–back from a bonfire after a family birthday party. When they approached the intersection, she turned right and skidded on some wet gravel overturning the [ATV] into the ditch. Annie fell out of the [ATV]. She suffered internal injuries. Later in the night at [the hospital] she died [from] those injuries. The defendant admitted to having–drinking alcohol earlier that evening and that the individuals in the [ATV] were not wearing seatbelts at the time they were driving."

¶ 7    The trial court then rejected the plea agreement, emphasizing the public policy of the *aggravated DUI* statute required a defendant to serve a period of incarceration. Specifically, the court stated the following:

"Counsel, she's now charged with a third count and you're asking me to accept the plea to the third count for probation. You can't ignore the public policy embedded in the statute for which she is charged in *Count I* [(aggravated DUI)]. Public policy and the law that's embedded in the statute indicates that unless the Court determines that extraordinary circumstances exist and require probation the Defendant shall be sentenced–shall be sentenced to serve a period of incarceration in the Illinois Department of Corrections between 3 and 14 years. The Court does not concur in this sentence.

The cause is allotted for trial on March 31 at 1:00 o'clock." (Emphasis added.)

¶ 8    At the beginning of the March 31, 2014, hearing, counsel for defendant stated he "assumed the court was intent on its position of no negotiated plea," noting "the court had previously stated that today was either an open plea or trial." The trial court responded in the affirmative. Defendant then entered an open plea of guilty to one count of reckless homicide in exchange for the dismissal of the two aggravated DUI counts. The State noted it did not object to impact incarceration if a term of years was imposed.

¶ 9    The State offered the following factual basis for the plea:

"You [H]onor, if this case were called for trial, the evidence would be that on Sunday, October 6, 2013, at approximately 3:00 in the morning deputies were called out to the intersection of 1600 and 1700E in Philo regarding an accident with injuries.

When they arrived there they found Annie Daly, age 19, who had suffered injuries. Defendant, Katie Daly, was present. She had performed CPR on Annie and had revived her.

She admitted that she had been driving the family's [ATV] with Annie in the front seat and three other relatives in the backseat on the family property.

They were traveling back from a bonfire after a family birthday party. When they approached the intersection, she turned right and skidded on some wet gravel overturning the [ATV] into the ditch.

Annie fell out of the [ATV]. She suffered internal injuries and later that night at [the hospital] she died [from] those injuries.

[Defendant] admitted to having drunk alcohol earlier that evening. And the individuals in the [ATV] were not wearing seatbelts at the time."

The trial court found a factual basis shown for defendant's plea. The court then accepted the plea and set the matter for sentencing.

¶ 10    The presentence investigation report (PSI) showed defendant was 24 years old, had a 20-month-old son, lived with her son's father, with whom she had been in a relationship for nine years, and had been employed as a registered nurse for the past three years. She had no prior criminal convictions and only two minor traffic offenses. Although she did not present a history of substance abuse, defendant completed a DUI risk evaluation and 10 educational hours. While the probation officer answered "Yes" to the "Present Offense Alcohol Related" form question in the PSI, the PSI did not include any specific information indicating defendant was intoxicated on the night in question.

¶ 11    At the May 16, 2014, sentencing hearing, the trial court stated it had considered the PSI. The State presented no evidence in aggravation. The State requested the victim's family be allowed to read two victim-impact statements. Leo Daly, Annie's brother, read a statement on behalf of the victim's siblings. According to the statement, "the family [has] never once blamed [defendant] for this accident" and "taking [defendant] away from us, her family[,] and her son, would be heart breaking." Leo stated, they had "lost one sibling and couldn't stand to lose another." On behalf of Annie's siblings, Leo requested the court consider their feelings and allow defendant to remain with them.

¶ 12    Sue Daly, Annie's mother, also read a statement on behalf of Annie's parents. She noted defendant and Annie were friends and considered defendant "as another daughter." Annie's mother explained, "to take [defendant] away from us would be like taking another daughter from us." She asked the court to be lenient and not impose a prison sentence because defendant "will live with this accident for the rest of her life, and the guilt she carries is punishment enough."

¶ 13    Defendant presented over 200 pages of documents in mitigation. She also called nine witnesses to testify on her behalf. Dr. Robert Bane, an orthopedic surgeon at Carle Hospital, testified defendant was an excellent nurse, kind, compassionate, and very thorough. Casey Shroyer, a physician assistant at Carle Hospital, testified every experience she had with defendant had been positive and she never had a single complaint about defendant. Carmen Zych, an associate professor of nursing at Parkland College, testified defendant provides a great service to her community as a nurse. Zych added defendant "is a wonderful mother to her son" and putting her in prison "would just break everyone's heart." Gina Johnson, defendant's mental-health therapist, testified defendant had absolutely expressed responsibility for her cousin's death. Johnson indicated she did not see substance abuse as a problem in this case. Defendant suffered from post-traumatic stress disorder, was taking an antidepressant and antianxiety medication, and was fully engaged in counseling.

¶ 14    In her statement in allocution, defendant expressed remorse and took responsibility for her actions.

¶ 15    As part of its sentencing recommendation, the State explained:

"[Defendant] is here on a sentencing on the charge of reckless homicide, which carries a range of two to five years of incarceration in the Illinois Department of Corrections, and it is a probationable offense. As the court is well aware, the original

charge was aggravated driving under the influence of alcohol, and that charge required that the court make a finding of extraordinary circumstances in order to enter a sentence of probation. And this court in a previous hearing indicated that you could not make that finding. And while I respectfully *** disagree[,] *** that finding is not required for a probation sentence under this charge for the offense of reckless homicide.

Reckless homicide has no such requirement. Under the Criminal Code, 730 ILCS 5/5-6-1, the law tells us that except where specifically prohibited by other provisions of this code, the court shall impose a sentence of probation or conditional discharge upon an offense, unless having regard to the nature and circumstances of the offense, and to the history, character and condition of the offender, the court is of the opinion that, one, imprisonment is necessary for the protection of the public; two, probation or conditional discharge would deprecate the seriousness of the offender's conduct and be inconsistent with the ends of justice; or three, drug court is necessary for the protection of the public and rehabilitation of the offender.

So in this case under the statute, because there is no specific prohibition otherwise, the statute says the court shall impose a community-based sentence. There is no requirement of incarceration. It is an option, probation is, an entirely appropriate sentence based on the decisions of the legislature for this offense."

¶ 16 According to the State, defendant's character, attitude, and history showed she was unlikely to commit another crime. Defendant had no criminal history and "led a law abiding life." It was the State's opinion defendant's criminal conduct "is absolutely unlikely" to recur. The State also noted defendant is likely to comply with the terms of a period of probation and had already completed many probation requirements on her own. Defendant had already completed counseling, was engaged in individual therapy, and volunteered for public service. She had not consumed alcohol since October 6, 2013. The State then recommended a sentence of probation with, if the court found it necessary, a jail term. The State contended a prison sentence would cause excessive hardship on defendant's infant son. Although it hoped imprisonment would not be the sentence, the State indicated it had no objection to impact incarceration and a minimum sentence.

¶ 17 Defendant's counsel agreed with the State's argument and recommendation and asked the trial court to reconsider the terms of the original negotiated plea in light of all the information it now had before it. Defendant's counsel also noted the following:

"[Defendant] is remorseful. She is saddened. She has suffered a loss as has her entire family. She acknowledges her responsibility for that loss, and I'm asking the court to try to fashion a sentence that achieves the societal ends of deterrence, without throwing her in prison, which I think would be so damaging to the family, so damaging to [defendant,] so damaging to [her infant son]."

¶ 18 In sentencing defendant, the trial court rejected both parties' recommendations and alluded again to the public policy of the aggravated DUI statute. Specifically, the court stated the following:

"[THE COURT]: Counsel, I have considered your arguments, the defendant's exercise of her right of allocution. I have considered all of the documentary evidence that has been submitted to the court. I have considered the testamentary [*sic*] evidence

that has been submitted today in mitigation. I have considered the victim impact statements. I have considered the statutory factors in aggravation and mitigation.

I, too, [(addressing defendant's trial counsel)] have spent a significant amount of time thinking about this case, especially since the guilty plea was entered. I have thought about what I have done over the last nine years, and I tried to come up with a number in my mind of defendants that I have sentenced as a result of either a death or great bodily harm from the result of drinking. And the best that I could do [was to] come up with a number of somewhere between fifteen and twenty individuals. The one that sticks most recently in my mind is the fact that within the last couple of weeks in this courtroom, there was an agreed plea for a sentence of six years to the Department of Corrections for a Champaign firefighter whose life has been utterly and completely ruined by someone who made the choice to drink and drive. This is not new; this is something I deal with every day in this courtroom.

I read all of the material in mitigation that you provided to the court. I started counting the number of times that the individuals who wrote letters described this as an accident. I gave up at sixty. The word accident was underlined on occasion, it was highlighted on occasion, it was even defined at least once. I'm not the first judge in this courtroom and unfortunately I will undoubtably [*sic*] not be the last judge in this courthouse to say this. This was not an accident.

The defendant made a choice to drink. The defendant made a choice to drive. As a result of those actions, someone died. It's not an accident, it's a crime. Under the law, it is not a mitigating factor that a family member died. The loss to society is the same whether Annie was killed by a family member or a total stranger. This is absolutely a deterrable crime, and it must be deterred. It is the duty of the court to see that it is deterred. If anything positive can come from this crime, let it be this. Let this be the clarion message. If you make the choice to drink and drive and you kill someone, regardless of your station in life, you will face the consequences of your actions in this court.

The court is of the opinion that a sentence of probation would deprecate the seriousness of the offense. The defendant is ordered incarcerated and the defendant is ordered to serve a period of incarceration of three and a half years in the Illinois Department of Corrections. The defendant is remanded into the custody of the sheriff *instanter*. There will be no further relief entered by the court. That is the court's order.

MR. LIPTON: And no impact incarceration.

THE COURT: No. You are remanded into the custody of the sheriff to be transported to the Illinois Department of Corrections. This court is in recess."

¶ 19    On May 30, 2014, defendant filed a motion to reconsider the sentence, arguing the trial court erred where (1) it improperly considered the public policy of the aggravated DUI statute; (2) the sentence imposed was inconsistent with the public policy of section 5-6-1 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-1 (West 2012)), favoring a community-based sentence; (3) it improperly considered death and alcohol as aggravating factors; and (4) it was biased against defendant based on the original charges filed.

¶ 20    At the July 7, 2014, hearing on defendant's motion, the State continued to stand on its argument made at sentencing. The trial court denied defendant's motion, stating the following:

"As I indicated I have read the Motion to Reconsider and the motion–and the memorandum in support. There were extensive arguments and rulings made, and I'm not going to revisit those.

I would note for the record that it has long been the black letter law in this state that it is not evidence of bias by the trial court that you lose a ruling. Someone always loses in court.

The Motion to Reconsider is denied."

¶ 21     This appeal followed.


¶ 22                                     II. ANALYSIS
¶ 23                              A. Excessive-Sentence Claim
¶ 24     On appeal, defendant argues the trial court abused its discretion in sentencing her to 3½ years in prison. Specifically, defendant contends the court: (1) improperly focused on the public policy of imprisoning individuals convicted of aggravated DUI instead of focusing on the public policy of community-based sentences for individuals convicted of reckless homicide; (2) demonstrated a predisposition against probation; (3) erred in considering the victim's death as a factor in aggravation because it was an element of the offense of reckless homicide; (4) improperly considered alcohol as an aggravating factor where no evidence was presented tying alcohol to the accident in this case; (5) erred in sentencing defendant in relation to other cases; and (6) cannot sentence for the sole purpose of punishing a defendant. Defendant requests, *inter alia*, we reduce her sentence to probation.

¶ 25     The offense of reckless homicide is a Class 3 felony (720 ILCS 5/9-3(d)(2) (West 2012) punishable by a sentence of between two and five years' imprisonment (730 ILCS 5/5-4.5-40 (West 2012)). It is a probationable offense. The trial court's 3½-year sentence is within the statutorily allowed sentencing range. However, it is not enough for the sentence to be within the permissible range. A sentence outside the range is void, not excessive. *People v. Thompson*, 209 Ill. 2d 19, 24, 805 N.E.2d 1200, 1203 (2004); *People v. Pinkonsly*, 207 Ill. 2d 555, 569, 802 N.E.2d 236, 245 (2003). Thus, the phrase "excessive sentence" contemplates something else. It is reserved for a sentence within the statutory range but without regard for a particular defendant's rehabilitative potential. See *People v. Perruquet*, 68 Ill. 2d 149, 154-55, 368 N.E.2d 882, 884 (1977).

¶ 26     The Illinois Constitution provides penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11; *Perruquet*, 68 Ill. 2d at 154-55, 368 N.E.2d at 884. This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation. *People v. Quintana*, 332 Ill. App. 3d 96, 109, 772 N.E.2d 833, 845 (2002). A reasoned sentence must be based on the particular circumstances of each case. *Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884. Because of the trial court's opportunity to assess a defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age, deference is afforded its sentencing judgment. *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000). However, the appellate court was never meant to be a rubber stamp for the sentencing decisions of trial courts. A reviewing court may disturb a

sentence within statutory limits if the trial court abused its discretion in imposing a sentence. *Stacey*, 193 Ill. 2d at 209-10, 737 N.E.2d at 629.

¶ 27     In its appellee brief, the State explicitly concedes defendant's arguments and argues itself the trial court "abused its discretion in rejecting probation and sentencing defendant to three-and-a-half years' imprisonment for reckless homicide" where (1) an individual convicted of reckless homicide should be given a community-based sentence unless certain statutory exceptions, not applicable in this case, apply; (2) the court demonstrated a predisposition against probation; (3) the court improperly considered death and alcohol as factors in aggravation; (4) the court erred in sentencing defendant in relation to other cases; (5) the court cannot sentence for the sole purpose of punishment; and (6) the court rejected the succinct recommendation of the prosecutor. In the alternative, the State argues, "even if this court finds no abuse of discretion, *equity* and *justice* require a new sentencing hearing." (Emphases added.)

¶ 28     Generally, the Unified Code creates a presumption in favor of probation. *People v. Vasquez*, 2012 IL App (2d) 101132, ¶ 64, 971 N.E.2d 38 (citing 730 ILCS 5/5-6-1(a) (West 2006)). It is undisputed defendant in this case was eligible for probation. See 730 ILCS 5/5-5-3(c)(2) (West 2012). As the State correctly pointed out, section 5-6-1(a) of the Unified Code requires a sentence of probation *unless* the court finds a prison sentence is necessary for the protection of the public or if probation would deprecate the seriousness of the offender's conduct. 730 ILCS 5/5-6-1(a) (West 2012). Specifically, section 5-6-1(a) provides, in relevant part, the following:

> "(a) Except where specifically prohibited by other provisions of this Code, the [trial] court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> > (1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
> >
> > (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice ***[.]" 730 ILCS 5/5-6-1(a) (West 2012).

¶ 29     In this case, the trial court stated, "a sentence of probation would deprecate the seriousness of the offense." However, in making this determination, the court was statutorily required to consider "the nature and circumstance of the offense" and "the history, character and condition of the offender" in doing so. 730 ILCS 5/5-6-1(a) (West 2012). The appellate court presumes the trial court considered only appropriate factors in sentencing *unless* the record affirmatively shows otherwise. *Quintana*, 332 Ill. App. 3d at 109, 772 N.E.2d at 845.

¶ 30     Our review of the record in this case shows little to indicate the trial court considered "the nature and circumstance of the offense," "the history, character and condition of the offender," or defendant's rehabilitative potential in fashioning its sentence. Instead, the record shows the court considered the nature and circumstances of an offense to which defendant did not plead guilty.

¶ 31     For example, in sentencing defendant, the trial court emphasized, "[i]f you make the choice to drink and drive and you kill someone *** you will face the consequences of your actions in this court." The court also stated, "the defendant made a choice to drink," "the defendant made

a choice to drive," and "as a result of those actions, someone died." However, the court accepted defendant's guilty plea for reckless homicide. While the evidence submitted by the State as its factual basis for the plea included the fact defendant "admitted to having drunk alcohol earlier that evening," the factual basis offered did *not* state defendant was intoxicated or otherwise imply she drove while under the influence of alcohol. In fact, no evidence was presented to even suggest defendant was speeding while operating the ATV. According to the factual basis accepted by the court, defendant "turned right and skidded on some wet gravel overturning the [ATV] into the ditch." The victim "fell out of the [ATV]," "suffered internal injuries," and later that night "died [from] those injuries." The court's comments suggest it ignored "the nature and circumstance of the offense" of reckless homicide. The court's comments instead suggest it was sentencing defendant as if she pleaded guilty to aggravated DUI.

¶ 32    While the trial court stated this "was absolutely a deterrable crime and it must be deterred," the supreme court has found deterrence to be of little significance where, as here, the court is sentencing a defendant for an offense involving unintentional conduct. *People v. Martin*, 119 Ill. 2d 453, 459, 519 N.E.2d 884, 887 (1988). The court also stated, "a sentence of probation would deprecate the seriousness of the offense." However, again the court's comments suggest it was referring to aggravated DUI and not reckless homicide. The record also shows the court never considered probation as an option in this case. Further, the seriousness of the offense in question, *i.e.*, recklessly making a right turn on wet gravel and causing the ATV to tip over, would not be deprecated by a community-based sentence.

¶ 33    The trial court's comments also showed it ignored the "history, character and condition" of this defendant as well as her rehabilitative potential. The overwhelming amount of evidence presented in mitigation in this case, including the testimony at sentencing, showed defendant was a good nurse who lacked reckless tendencies. The evidence also demonstrated a great deal of rehabilitative potential. Defendant was 24 years old at the time of the offense. She had never previously been convicted of a criminal offense and had only two prior minor traffic violations. The significance of the State's position, as well as the victim-impact statements from Annie's family members, particularly her parents, cannot be overstated. The record does not demonstrate defendant had a problem with drugs or alcohol and the evidence presented by the State did not indicate the accident was the direct result of alcohol use. Defendant also provided for the needs of her 20-month-old son. Defendant had both family and community support. The information before the court provided little indication of any need to incarcerate defendant to protect the public.

¶ 34    Although the trial court was required to consider "the nature and circumstance of the offense" and "the history, character and condition of the offender," the court did not reference the specific facts of this case at sentencing. Indeed, an examination of the record as a whole raises questions on which offense the court was actually imposing sentence. For example, in rejecting the initial negotiated plea, the trial court emphasized it could not ignore the public policy of the aggravated DUI statute, which required a sentence of 3 to 14 years in prison unless extraordinary circumstances required probation. See 625 ILCS 5/11-501(d)(2)(G) (West 2012). However, as stated, the proposed plea in this case was for the offense of reckless homicide. As part of the agreement, the aggravated DUI counts were to be dismissed. (Those counts were ultimately dismissed as part of the plea the court accepted.)

¶ 35    The trial court also appeared to be sentencing defendant as if she had been convicted of aggravated DUI when it compared her case to prior cases. The court stated, "I tried to come up with a number in my mind of defendants that I have sentenced as a result of either a death or great bodily harm *from the result of drinking*." (Emphasis added.) The court specifically referenced one case, stating, "there was an agreed plea within the last couple weeks in this courtroom *** for a sentence of six years to the Department of Corrections for a Champaign firefighter whose life has been utterly and completely ruined by someone who made the choice to drink and drive." As defendant points out, the case referenced by the court was People v. Paquin (Champaign County case No. 13-CF-1751) (hereinafter, Paquin). Not only are the court's comments regarding that case confusing, but the defendant in Paquin was sentenced for an aggravated DUI conviction and not a reckless homicide offense. "[A] proper sentence must be based upon the particular facts and circumstances of each individual case." *People v. Jeter*, 247 Ill. App. 3d 120, 130, 616 N.E.2d 1256, 1264 (1993). A sentencing court cannot compare one criminal case to another unless "all of the facts" are "substantially identical," which "will rarely, if ever, occur." (Emphases omitted.) *People v. Bien*, 277 Ill. App. 3d 744, 755, 661 N.E.2d 511, 519 (1996).

¶ 36    The trial court's comments at sentencing also demonstrate a predisposition against probation for certain types of offenders. However, a trial judge "may not refuse to consider an alternative [sentence] simply because the defendant is in a class disfavored by the court." *People v. Jones*, 284 Ill. App. 3d 975, 980, 673 N.E.2d 456, 459 (1996). The court's rejection of the original plea points to a predisposition against probation. The court's comments at sentencing also imply if an offender drinks and drives and kills someone that offender will not receive probation regardless of how the offense is charged and without regard for the specific facts of the case. Such a position results in an arbitrary denial of probation and frustrates the intent of the legislature to provide for a range of sentencing possibilities under the Unified Code. See *People v. Bolyard*, 61 Ill. 2d 583, 587, 338 N.E.2d 168, 170 (1975) (where the record shows the trial judge denied probation because the defendant fell within the judge's category of disfavored offenders, the defendant is entitled to a new sentencing hearing).

¶ 37    Finally, it is well established a trial court may not consider a factor inherent in an offense as an aggravating factor in sentencing. See *Martin*, 119 Ill. 2d at 459-60, 519 N.E.2d at 887; *People v. Saldivar*, 113 Ill. 2d 256, 271-72, 497 N.E.2d 1138, 1144 (1986); *People v. Conover*, 84 Ill. 2d 400, 404, 419 N.E.2d 906, 908 (1981). In fact, a trial court abuses its discretion in sentencing when it relies on an element of an offense as a factor in aggravation. See *Conover*, 84 Ill. 2d at 404-05, 419 N.E.2d at 908-09. This is because it is reasonable to presume the legislature already considered the factor in establishing the penalty for the offense. *Conover*, 84 Ill. 2d at 405, 419 N.E.2d at 909. Had the legislature intended the victim's death to be considered a second time, it would have clearly so stated. See *Martin*, 119 Ill. 2d at 460, 519 N.E.2d at 887 (citing *Saldivar*, 113 Ill. 2d at 267-68, 497 N.E.2d at 1142).

¶ 38    "In determining whether the trial court based the sentence on proper aggravating and mitigating factors, a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Dowding*, 388 Ill. App. 3d 936, 943, 904 N.E.2d 1022, 1028 (2009). In *Saldivar*, the supreme court held the trial court erred in sentencing the defendant for voluntary manslaughter when it considered in aggravation the defendant's conduct threatened serious harm to the victim, because "the circuit court focused primarily on the end result of the defendant's conduct, *i.e.*, the death of the victim, a factor

- 11 -

which is implicit in the offense." *Saldivar*, 113 Ill. 2d at 272, 497 N.E.2d at 1144. Similarly in *Martin*, the supreme court concluded the trial court improperly considered the victim's death as an aggravating factor where, before imposing sentence, it stated, " 'in committing the felony [(involuntary manslaughter)] the defendant inflicted serious bodily injury to another resulting in death.' " *Martin*, 119 Ill. 2d at 461, 519 N.E.2d at 888.

¶ 39      In this case, the trial court's comments at sentencing show it imposed a greater sentence because defendant's actions resulted in Annie's death. In sentencing defendant the trial court emphasized, "[i]f you make the choice to drink and drive and you kill someone *** you will face the consequences of your actions in this court." The court also stated it "tried to come up with a number *** of defendants [it] sentenced as a result of either a death or great bodily injury." The court stated, "defendant made the choice to drive" and "as a result of those actions, someone died." According to the court, "it's not a mitigating factor that a family member died." The court also clearly included Annie's death as part of its "clarion message" in imposing defendant's sentence for reckless homicide. Thus, the court did more than merely mention Annie's death in passing. It clearly focused on her death in sentencing defendant. Doing so was error. See *Dowding*, 388 Ill. App. 3d at 943, 904 N.E.2d at 1029 (the trial court may not consider the end result, *i.e.*, the victim's death, as a factor in aggravation where death is implicit in the offense).

¶ 40      A reviewing court is empowered under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) to reduce a sentence where, as here, the trial court abused its discretion in sentencing a defendant. *People v. Streit*, 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353 (1991); *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1065-66 (2010); *People v. Clark*, 374 Ill. App. 3d 50, 75, 869 N.E.2d 1019, 1042 (2007). In light of the circumstances presented in this case and under the authority of Rule 615(b)(4), we reduce defendant's sentence to probation. We remand the matter to the trial court with directions to impose appropriate conditions of probation and to withdraw and amend the sentencing judgment accordingly. In view of the comments made by the court at sentencing, we conclude, to remove any suggestion of unfairness, this case should be assigned to a different judge on remand. See *People v. Heider*, 231 Ill. 2d 1, 25, 896 N.E.2d 239, 253 (2008) (citing *People v. Dameron*, 196 Ill. 2d 156, 179, 751 N.E.2d 1111, 1125 (2001)).

¶ 41                                                                 B. Fines and Fees

¶ 42      In addition to conceding defendant's position on appeal, the State argues this court should vacate fines improperly imposed by the circuit clerk and remand to the trial court for those fines to be reimposed. See *People v. Montag*, 2014 IL App (4th) 120993, ¶ 37, 5 N.E.3d 246. The trial court did not mention any fines at sentencing and the May 16, 2014, docket entry indicates a "Cost Only Fee" of $2,912. Thereafter, a number of fines were imposed by the circuit clerk. In light of our holding in this case, we vacate all fines and remand for their reimposition. We admonish the trial court to impose mandatory fines, as the circuit clerk lacks any authority to do so. *Montag*, 2014 IL App (4th) 120993, ¶ 37, 5 N.E.3d 246; *People v. Larue*, 2014 IL App (4th) 120595, ¶ 56, 10 N.E.3d 959 ("fines imposed by the circuit clerk are void from their inception").

¶ 43      The State also notes, although defendant was given two days' sentence credit for the time she spent in custody prior to sentencing, she did not receive any monetary credit for that time against her fines. Pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (725

- 12 -

ILCS 5/110-14(a) (West 2012)), defendant is entitled to two days' credit ($5 per day for a total credit of $10) against her creditable fines for time served in presentence detention. Thus, two days' monetary credit should be given to defendant upon remand.

¶ 44                                   III. CONCLUSION

¶ 45       For the reasons stated, we (1) reduce defendant's sentence to probation, (2) remand for the imposition of appropriate conditions of probation before a different judge, (3) vacate all fines, (4) remand for the trial court to impose fines mandated by statute in effect at the time of the offense, (5) award defendant two days' monetary credit against creditable fines for time spent in presentence custody, and (6) order the issuance of an amended sentencing judgment so reflecting.

¶ 46       Sentence reduced; cause remanded with directions.