NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 170785-U

NO. 4-17-0785

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| LYNN M. JACOBY, | ) | No. 13CF520 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter C. Cavanagh, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court did not abuse its discretion in sentencing defendant to five years and six months in prison.

¶ 2        In April 2014, defendant, Lynn M. Jacoby, pleaded guilty to retail theft and the trial court sentenced her to 30 months' probation. The court later revoked defendant's probation and resentenced her to an extended term of five years and six months in prison.

¶ 3        Defendant appeals, arguing her sentence is excessive based on the evidence presented in aggravation and mitigation. We affirm.

¶ 4                          I. BACKGROUND

¶ 5        In June 2013, the State charged defendant with two counts of retail theft (720 ILCS 5/16-25(a)(1) (West 2012)). The first count alleged defendant stole from Walmart items of

merchandise with a total value of less than $300 (count I), and the second count alleged defendant stole from Walmart merchandise with a total value of more than $300 (count II).

¶ 6      In April 2014, defendant pleaded guilty to count II in exchange for a sentence of 30 months' probation and the dismissal of count I. At the guilty plea hearing, the State presented its factual basis, asserting that if the matter proceeded to trial, it would present evidence showing defendant entered Walmart, and after placing various items in a cart, "walked [past] all points of purchase without paying for the items." According to the State, defendant fled after the attempt to stop her. After finding the factual basis was sufficient, the trial court accepted defendant's guilty plea.

¶ 7      In August 2014, the State filed a petition to revoke defendant's probation, alleging defendant violated her probation after she was charged with driving while license revoked and retail theft (Sangamon County case Nos. 14-TR-20255 and 14-CF-768), and "admitt[ed] to use of heroin, amphetamines and cocaine ***." Defendant admitted violating her probation and, following a hearing in June 2015, the trial court resentenced defendant to 30 months' probation.

¶ 8      In April 2016, the State filed a second petition to revoke defendant's probation after she tested positive for opiates and failed to submit for drug testing. Defendant admitted her failure to submit for drug testing, and following a hearing in September 2016, the trial court resentenced defendant to 36 months' probation.

¶ 9      In February 2017, the State filed a third petition to revoke defendant's probation after she (1) failed to report to her probation officer on two occasions in December 2016, (2) tested positive for opiates, and (3) failed to pay monthly probation fees and court costs as ordered. Defendant admitted her failure to report, and the matter was set for resentencing.

¶ 10　　　　　In October 2017, the trial court resentenced defendant to an extended term of five years and six months in prison. In doing so, the court stated it had "reviewed the Pre-Sentence Investigation Report, considered and applied the relevant factors of aggravation and mitigation, heard the arguments of the parties, [and] statement of the Defendant ***." Additionally, the court recognized "[defendant] worked very hard, at times, in [her] recovery," but believed the sentence was "appropriate in light of everything know[n] about the case."

¶ 11　　　　　Defendant filed a motion to reconsider her sentence, alleging the sentence was excessive based on the evidence in aggravation and mitigation, including her rehabilitative potential. At a hearing on October 20, 2017, the trial court denied defendant's motion.

¶ 12　　　　　This appeal followed.

¶ 13　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　　On appeal, defendant argues her sentence is excessive because the trial court overemphasized the aggravating factors and minimized the mitigating factors. Specifically, defendant argues (1) her conduct neither caused nor threatened serious physical harm to another, (2) she did not contemplate that her conduct would cause or threaten serious physical harm to another, and (3) a term of imprisonment would "endanger" her medical conditions.

¶ 15　　　　　　　　　　　　A. Forfeiture

¶ 16　　　　　The State asserts defendant failed to argue in her brief "that her extended-term prison sentence was greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense" which, under the circumstances, is the only avenue for challenging her sentence as excessive, and thus, has forfeited the argument. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing"). However, the forfeiture rule is a

limitation on the parties and not the jurisdiction of this court (*In re Janine M.A.*, 342 Ill. App. 3d 1041, 1045, 796 N.E.2d 1175, 1179 (2003)). Thus, we will address the argument.

¶ 17                                    B. Excessive Sentence

¶ 18            "The Illinois Constitution provides penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, 21 N.E.3d 810 (citing Ill. Const. 1970, art. I, § 11). "This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *Id.*

¶ 19            "The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010). "The *** court must base its sentencing determination on the particular circumstances of each case, considering such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "It is also required to consider statutory factors in mitigation and aggravation; however, 'the court need not recite and assign a value to each factor it has considered.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19 (quoting *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38, 92 N.E.3d 494). "[I]f mitigating evidence is presented at the sentencing hearing, this court presumes that the trial court took that evidence into consideration, absent some contrary evidence." *People v. Shaw*, 351 Ill. App. 3d 1087, 1093, 815 N.E.2d 469, 474 (2004).

¶ 20            "On review, the sentence imposed by the trial court will not be reversed absent an abuse of discretion." *Pina*, 2019 IL App (4th) 170614, ¶ 20. "A sentence within statutory limits

will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *Fern*, 189 Ill. 2d at 54).

¶ 21    Retail theft having a total value in excess of $300 is a Class 3 felony (720 ILCS 5/16-25(f)(3) (West 2012)), and is normally punishable by up to five years' imprisonment (730 ILCS 5/5-4.5-40(a) (West 2012)). However, because defendant was extended-term eligible, she was subject to a prison term of up to ten years (*id.*). The trial court originally sentenced defendant to 30 months' drug court probation. Defendant violated her probation on three separate occasions and the court ultimately resentenced her to an extended term of five years and six months in prison—a term within the applicable sentencing range.

¶ 22    We disagree with defendant's contention that the trial court overemphasized factors in aggravation and failed to give enough weight to factors in mitigation. After finding that defendant had failed three prior attempts at a community-based sentence, the court indicated a term of imprisonment was the only appropriate option for defendant. In fashioning defendant's sentence, the court stated it had "reviewed the Pre-Sentence Investigation Report, considered and applied the relevant factors of aggravation and mitigation, heard the arguments of the parties, [and] statement of the Defendant ***." Absent an affirmative showing to the contrary, we are to assume the court properly considered all the relevant factors in fashioning a sentence. *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001). We find defendant's assertion that "the court should have given more weight to mitigating factors," amounts to little more than a request for this court to re-weigh the evidence at sentencing. As previously stated, it is not the function of the reviewing court to re-weigh the evidence, and we decline defendant's invitation to do so here.

¶ 23    Thus, viewing the record in accordance with the applicable standard of review, we conclude the trial court did not abuse its discretion when it resentenced defendant to an extended prison term of five years and six months.

¶ 24                                III. CONCLUSION

¶ 25    For the reasons stated, we affirm the trial court's judgment.

¶ 26    Affirmed.