NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200671-U

NO. 4-20-0671

IN THE APPELLATE COURT

FILED
July 5, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ROBERT ALLIN DAVIS JR., | ) | No. 17CF746 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

_____

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the trial court did not abuse its discretion
when it resentenced defendant to four years in prison for obstructing justice
following the revocation of his probation.

¶ 2    Defendant, Robert Allin Davis Jr., appeals from the McLean County circuit

court's judgment sentencing him to four years in prison for obstructing justice (720 ILCS

5/31-4(a)(1) (2016)). On appeal, defendant argues the trial court abused its discretion when it

resentenced him to four years in prison based on his conduct while on probation rather than for

obstructing justice. The State argues the trial court did not abuse its discretion and its sentence

was proper. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                          A. Charges and Revocation of Probation

¶ 5        In July 2017, the State charged defendant by information with obstructing justice, a Class 4 felony. *Id.* § 31-4(b)(1). The information alleged defendant "knowingly concealed physical evidence by refusing to cooperate with the execution of a search warrant for the seizure of the blood of *** defendant, pulling his arm away from Samantha Sholtis and refusing to allow the collection of a blood sample with intent to obstruct the prosecution of *** defendant." Defendant was also charged with driving under the influence (DUI) in McLean County case No. 17-DT-380 based on allegations arising from the same incident. In July 2017, defendant's obstructing justice charge was superseded by indictment.

¶ 6        In May 2019, defendant entered into a negotiated plea agreement with the State. In exchange for defendant's plea of guilty to obstructing justice and DUI, the State agreed to a sentence of 24 months' probation. Defendant stipulated to the factual basis presented by the State, and the trial court accepted defendant's plea as knowing and voluntary.

¶ 7        In December 2019, the State filed a petition to revoke defendant's probation, alleging he violated the conditions of his probation when he (1) was charged with driving while his license was revoked, reckless conduct, and criminal damage to property in June and July 2019 and (2) failed to report to his probation officer (PO) from June to November 2019. In March 2020, defendant admitted the latter allegation. In exchange for his admission, the State agreed to recommend defendant be resentenced to 90 days in the McLean County jail, after which he would remain on probation as ordered in his original plea agreement with the State.

¶ 8        In June 2020, the State filed a second petition to revoke defendant's probation, alleging defendant violated the conditions of his probation when he failed to (1) report to his PO from April to May 2020, (2) provide his PO with proof of his residence and employment, and (3) undergo a drug and alcohol assessment as directed by his PO. In August 2020, defendant

admitted the first and third of the aforementioned allegations in the State's petition with no agreement as to sentencing, and the trial court ordered the preparation of a presentence investigation report (PSI).

¶ 9 In October 2020, the PSI was filed. Relevant to the arguments presented on appeal, the PSI included information regarding the following: (1) defendant's criminal history, (2) defendant's multiple failures to comply with the terms of his sentences to conditional discharge and probation in the past, and (3) twelve lines of text regarding the facts of the obstructing justice offense charged in this case. The PSI further stated defendant did not cooperate in the preparation of the report. At the conclusion of the report, under the heading "Investigator's Summary," the author stated as follows:

"These two cases make the defendant's fourth probation disposition as an adult, with the three prior probation events all having ended in unsuccessful terminations. During this current term of probation the defendant has failed to report as directed, failed to provide verification for having completed the required DUI evaluation and treatment, failed to keep the probation department informed of his current residence and employment, has new criminal offenses pending, has pending warrants for failure to appear for Court, and has provided nothing to reasonably conclude future compliance with the terms of probation. It is the opinion of this officer that the defendant is still a threat to both the community and himself, and continued probation would deprecate the seriousness of these offenses. This officer recommends revocation from probation and [a] sentence to the Illinois Department of Corrections."

¶ 10 B. Sentencing Hearing

¶ 11    Defendant's case proceeded to a sentencing hearing in November 2020.

¶ 12    As evidence in aggravation, the State read aloud the probable cause statement related to the obstructing justice charge, which stated there were two young children in defendant's vehicle when defendant was arrested for DUI, a charge to which he later pleaded guilty. Further, after officers conducted field sobriety tests during the traffic stop, defendant refused to provide a urine sample. Officers then obtained a search warrant to collect defendant's urine and blood samples, and he was brought to OSF Health Center. Upon nurse Sholtis's attempt to prepare defendant's arm for a blood draw, defendant "violently jerked his arm away" and shouted, " 'I am not f*** giving you s***.' "

¶ 13    During argument, the State recommended defendant be sentenced to four years in prison, noting defendant was eligible for extended-term sentencing. The State based its recommendation on the facts that defendant failed to (1) participate in the preparation of the PSI, (2) report to his probation officer, (3) attend treatment, and (4) refrain from committing crimes while on probation. The State further highlighted defendant's criminal history, including his unsuccessful discharges from conditional supervision, probation, and parole. Finally, the State argued,

> "The defendant has left us with no other alternatives at this point that if he's not going to comply with probation, then another community-based sentence would absolutely deprecate the seriousness of the offense. It's a DUI with kids in the car and then he's refusing to provide a breath sample and after he's had numerous criminal priors before and he's not doing his alcohol treatment, so he's still absolutely a threat."

¶ 14 Defense counsel argued for a sentence of 364 days in the county jail. Defense counsel emphasized that the DUI offense leading to his obstructing justice charge involved a relatively low blood alcohol content (BAC) and his offense did not cause or threaten serious harm to anyone. Further, defendant had maintained employment and had obtained suitable housing for his children. Additionally, defendant was attempting to secure custody of his youngest child, whose mother had recently died, and attended parenting time with his older child. Defendant argued a 364-day sentence would prevent him from losing his housing and allow him to care for his children. Defendant also made a statement in allocution, acknowledging he made mistakes and requesting lenience based on his stable housing, employment, and desire to be present for his children.

¶ 15 The trial court sentenced defendant to four years in prison. In pronouncing its sentence, the court stated it considered the PSI, exhibits, evidence in aggravation and mitigation, arguments of the parties, defendant's statement in allocution, and the statutory factors in aggravation and mitigation. The court concluded based on defendant's history, the likelihood he would successfully complete a community-based sentence was "almost non-existent." The court further highlighted defendant's history "of criminal offenses, drug abuse, substance abuse, violent offenses, violent allegations, the lack of any evidence that he at any point intended to comply with the terms of his probation," and the fact "[t]his was a second petition to revoke probation after having been resentenced on the first." The court further found that in reading the PSI, it "stung how little regard the defendant had for even trying to comply with the terms of the probation or comply with the law." Ultimately, the court concluded a community-based sentence would deprecate the seriousness of the offense and be inconsistent with the ends of justice.

¶ 16         Defendant filed a motion to reconsider his sentence, arguing it was excessive. The

trial court denied the motion, concluding the sentence was appropriate based on defendant's

"lack of compliance on probation, *** considering all of those factors, all of the evidence

presented, and all of the sentencing factors that the Court is supposed to consider."

¶ 17         This appeal followed.

¶ 18                              II. ANALYSIS

¶ 19         On appeal, defendant argues the trial court abused its discretion when it sentenced

him to four years in prison based on his conduct while on probation rather than his obstructing

justice conviction. The State argues the trial court's sentence did not constitute an abuse of

discretion. We agree with the State and affirm the trial court's judgment.

¶ 20                            A. Applicable Law

¶ 21         We first note that on appeal defendant acknowledges he forfeited any claim his

sentence was improper when he failed to (1) object at the sentencing hearing and (2) raise the

issue in his postsentencing motion. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Accordingly, he

asks us to review the issue for plain error.

¶ 22         Under the plain-error doctrine, this court may consider a forfeited claim when

"(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone

threatened to tip the scales of justice against the defendant, regardless of the seriousness of the

error, or (2) a clear or obvious error occurred and that error is so serious that it affected the

fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of

the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007); see Ill. S. Ct.

R. 615(a) (eff. Jan. 1, 1967). The first step in a plain error analysis is determining whether an

error occurred at all. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). Defendant bears the burden of persuasion in plain-error review. *People v. Eppinger*, 2013 IL 114121, ¶ 19.

¶ 23 " 'The Illinois Constitution provides penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 18 (quoting *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, and citing Ill. Const. 1970, art. I, § 11). " 'This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation.' " *Id.* (quoting *Daly*, 2014 IL App (4th) 140624, ¶ 26).

¶ 24 Generally, the trial court has broad discretion in sentencing a criminal defendant, and this court will not reverse a sentence absent an abuse of discretion. See *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38. " 'A sentence within the statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *Id.* (quoting *People v. Higgins*, 2016 IL App (3d) 140112, ¶ 29, and citing *People v. Fern*, 189 Ill. 2d 48, 54 (1999)).

¶ 25 In *Pina*, 2019 IL App (4th) 170614, ¶ 30, this court explained the process of resentencing a criminal defendant following the termination of probation as follows:

"Upon revocation of a defendant's probation, the trial court resentences the defendant to a disposition that would have been appropriate for the original offense. [Citation.] Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation ***. [Citation.] [I]t is

appropriate for a defendant who conducts himself poorly while on probation to receive a more severe sentence than he originally received. [Citation.] Also, a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted. [Citation.]" (Internal quotation marks omitted.)

To determine whether the trial court improperly punished a defendant for his conduct while on probation, this court considers whether the record "clearly show[s] that the [trial] court considered the original offense." *People v. Hess*, 241 Ill. App. 3d 276, 284 (1993). "To make that determination, reviewing courts may consider the remarks of the trial court during sentencing." *People v. Varghese*, 391 Ill. App. 3d 866, 876 (2009).

¶ 26                               B. This Case

¶ 27        Here, we find no clear or obvious error occurred. Although defendant acknowledges his four-year sentence was within the extended-term sentencing range for obstructing justice, a Class 4 felony (see 720 ILCS 5/31-4(b)(1) (West 2016); 730 ILCS 5/5-4.5-45(a) (West 2016); *id.* § 5-5-3.2(b)(1)), he nonetheless contends the trial court's sentence constituted an abuse of discretion based on its comments regarding defendant's conduct while on probation. We disagree.

¶ 28        Specifically, the record "clearly show[s] the court considered the original offense" given the court noted it considered the PSI, evidence presented in mitigation and aggravation, and the arguments of the parties—all of which included the details of defendant's conviction for obstructing justice. Here, the State read into the record the probable cause statement, which described the circumstances of defendant's DUI (including the fact that children were in the car) and defendant's refusal to provide a blood sample, which led to the charges in this case.

Additionally, defense counsel noted defendant's DUI involved a relatively low BAC and argued his behavior during the refusal did not threaten serious harm. We reject defendant's contention the author of the PSI stated "next to nothing" about the facts of the obstructing justice charge. Our review of the PSI shows the author included sufficient detail to apprise the trial court of the nature and circumstances of the offense. Additionally, because defendant refused to participate in the preparation of the PSI, which the trial court later allowed defendant to amend, any challenge to the information contained therein is not well-taken.

¶ 29 Moreover, the court's comments regarding defendant's conduct while on probation were entirely proper given its duty to consider how that conduct related to defendant's rehabilitative potential. See *Pina*, 2019 IL App (4th) 170614, ¶ 30; Ill. Const. 1970, art. I, § 11. When read in context, the court's references to defendant's failure to comply with probation spoke to its consideration of whether he was likely to comply with the terms of a community-based sentenced—a factor the court was required to consider in mitigation but ultimately found did not apply in this case. See 730 ILCS 5/5-5-3.1(a)(10) (West 2016) (requiring the court to consider whether the defendant is "particularly likely to comply with the terms of a period of probation"). Although we acknowledge the trial court said little about the obstructing justice and DUI charges, we agree with the State that "[t]he court referenced defendant's conduct on probation in the broader context of considering what sentence would serve to rehabilitate defendant."

¶ 30 Here, because we find no clear or obvious error occurred, we need not proceed further in our plain error analysis and affirm the trial court's judgment. See *Pina*, 2019 IL App (4th) 170614, ¶ 29.

¶ 31 III. CONCLUSION

¶ 32        For the reasons stated, we affirm the trial court's judgment.

¶ 33        Affirmed.