NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180594-U

NO. 4-18-0594

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 3, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Calhoun County |
| JAMES D. MAGUIRE, | ) | No. 17CF22 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles H.W. Burch, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the trial court did not err in imposing a nine-year sentence.

¶ 2    In February 2018, defendant, James D. Maguire, pleaded guilty to burglary (720 ILCS 5/19-1(a) (West 2016)). Subsequently, the trial court sentenced defendant to a period of 24 months' probation.

¶ 3    In March 2018, the State filed a petition to revoke probation, alleging defendant violated the terms of his probation, where defendant (1) tested positive for amphetamine and methamphetamine, (2) reported to his probation officer while under the influence of an illegal substance, and (3) committed unlawful defrauding of a drug screening test. The State charged defendant with unlawful defrauding of a drug screening test (720 ILCS 5/17-57(o)(2) (West

2016)).  In April 2018, defendant admitted that he failed his drug test and waived his right to a

hearing on the violation.

¶ 4          In July 2018, the trial court resentenced defendant to a nine-year prison sentence

for the burglary offense.  The court sentenced defendant to a six-year prison sentence for the

offense of unlawful defrauding of a drug screening test.  The court ordered the prison terms to

run concurrently.

¶ 5          Defendant appeals, arguing the trial court erred by imposing an excessive

sentence of nine years' imprisonment.  We affirm.

¶ 6                              I. BACKGROUND

¶ 7          In December 2017, the State charged defendant, by information, with one count

of residential burglary (720 ILCS 5/19-3(a) (West 2016)).  The charge arose from an incident

where defendant entered his aunt and uncle's house in their absence and stole food, clothing, and

a knife.  At the time, defendant was on parole for a 2014 residential burglary where he served a

four-year sentence in the Illinois Department of Corrections (DOC).

¶ 8                              A. Negotiated Plea

¶ 9          During a February 2018 plea hearing, the State informed the trial court that while

defendant's aunt and uncle insisted on pressing charges, they requested defendant receive

probation over imprisonment because his crime stemmed from his addiction. The State amended

the charge to burglary and recommended a two-year term of probation.  Subsequently, defendant

entered a guilty plea to burglary (720 ILCS 5/19-1(a) (West 2016)).

¶ 10          When defendant entered his plea, the parties stipulated to defendant's criminal

history.  The trial court stated it concurred in the negotiated plea agreement but did so "pretty

reluctantly."  In sentencing defendant, the judge stated,

"I'm generally of the mind that sentences and the sentences imposed and how cases are resolved should be more progressive in nature.

That is to say the more criminal history you accumulate, the more severe the consequences should be, and you have already been to the [DOC] once for similar conduct, albeit for a minimum term of imprisonment.

I have heard the reasons why this disposition was offered to you. I can certainly understand why you would be inclined to accept this, as this would not involve you going to the [DOC].

I have considered this is being done with the request of and the acquiescence of the victim, Mr. Hillen, and based on that, and the reasons that have been cited by the State and the defense, I will go along with this.

This also notes that the representation to me would indicate that perhaps you do have addiction issues, and I think that there is a movement afoot to try to deal with those in some other manner other than imprisoning people with drug addictions.

The terms of probation and the conditions that would be placed upon you could, perhaps, have that effect. But, ultimately, whether you take advantage of this or not, that's going to be on you, Mr. Maguire.

Moreover, I will say in the event you go the next 24 months, and if there were any violations of the order of probation between now and 24 months from now, that you could be back in here being resentenced and the State could file a Petition to Revoke, and I can tell you if you were before me in a resentencing, that I would be hard-pressed to do anything other than send you to the [DOC], Mr. Maguire, and for a fairly lengthy period in a range of three to fourteen years, and I hope that you would keep that in mind as you go forward here today."

The court sentenced defendant to a period of 24 months' probation.

¶ 11                    B. Petition to Revoke Probation

¶ 12          In March 2018, the State filed a petition to revoke probation, alleging defendant violated the terms of his probation, where defendant (1) on February 27, 2018, tested positive for amphetamine and methamphetamine, (2) reported to his probation officer while under the influence of an illegal substance, and (3) committed unlawful defrauding of a drug screening test. The State charged defendant with unlawful defrauding of a drug screening test (720 ILCS 5/17-57(o)(2) (West 2016)).  In April 2018, defendant admitted he failed his drug test and waived his right to a hearing on the petition.

¶ 13          In May 2018, while awaiting sentencing, defendant voluntarily entered an inpatient rehabilitation program at SMARTS in East St. Louis, Illinois.  In June 2018, defendant was discharged after having successfully completed the program.  In defendant's presentence investigation (PSI) report filed prior to his sentencing, defendant admitted he drank bleach to

obtain negative drug test results and that in June and July 2018, he tested positive for amphetamine, methamphetamine, and cocaine.

¶ 14                            C. July 2018 Sentencing and Resentencing Hearing

¶ 15            On July 24, 2018, the trial court held a sentencing hearing on both the burglary offense and the unlawful defrauding of a drug screening test offense. The State presented evidence in aggravation through defendant's probation officer, Ashley Campbell. Defendant made a statement in allocution. The State recommended a six-year prison sentence for burglary and a concurrent three-year prison sentence for defrauding a drug screening test.

¶ 16            In reaching a decision, the trial court considered the information in the PSI report, all of the evidence presented at the hearing, the recommendations of counsel, defendant's statement in allocution, and all the relevant statutory factors in aggravation and mitigation. The court stated, "The charges for which [defendant] is facing sentencing and resentencing on today are the offenses of burglary and unlawful defrauding of a drug screening test, a Class 2 and Class 4 felony, respectively." As to the burglary offense, the court stated, "the options and sentencing alternatives available to the court could be a term of imprisonment in the [DOC] and a range of 3 to 14 years, and the court has previously admonished the defendant as to extended term eligibility, and I do find in light of the contents of the [PSI] report that he is eligible for the extended term sentencing range." As to the unlawful defrauding of a drug screening test offense, the court stated, "the range of sentence available to the court could be a minimum term of one year, maximum term of six years imprisonment in the [DOC]." The court also found defendant eligible for (1) an extended term sentence on his unlawful defrauding of a drug screening test conviction and (2) probation up to 30 months.

¶ 17            The trial court summarized defendant's case stating,

"And as a commentary, and, you know, a few things that I think that are abundantly clear after reviewing the PSI is that [defendant] is a drug addict, and that is something that was presented to me at the time that I put him on probation for burglary back on February the 13th, and the court on that day was somewhat reluctant to concur in that negotiation, noting that he was on parole for the offense of residential burglary at the time that this was committed as the court was presented with reasons to go along with this on that day, or reasons I believe more advanced by the State, and certainly with concurrences of [defendant's] attorney ***, at the time, that perhaps there were—there was perhaps some request on the part of the alleged victim, Mr. Hillen, in this case to certainly concur on his part to give [defendant] an opportunity at probation, or the situation where he doesn't want him to go to prison for this.

And, also, there was the argument advanced that [defendant] was at a point in his life that he definitely needed treatment and the resources of probation to help cope with the addiction that he has.

I believe [Assistant State's Attorney] Ringhausen characterized this sentence also on that day as a prison-deferred sentence. I believe those were your exact words, ***, and that was perhaps recognizing also that perhaps a lack of faith in [defendant]

would do as required by that probation order, and these concerns were validated approximately two weeks later when [defendant] appeared, and with the fake, brought in the urine sample that was not his own in an attempt to foil or defraud the drug screening test.

That it was later revealed he was positive for the presence of illegal drugs in his symptom [*sic*] on that day. And, since that time, there has been, or [defendant] has been in inpatient treatment. That was attempted. He was discharged on June the 9th, and since this time, and so says the PSI, there has been consistent drug use attempts to once again mask the presence of illegal substances in his system."

¶ 18 In mitigation, the trial court found that defendant's conduct did not threaten serious physical harm to another. In aggravation, the court stated,

"[It] weighed the fairly serious history of criminality or delinquency that you have most serious of which is the residential burglary for which you received a four-year [DOC] sentence, which you were on parole for when you committed the offense of burglary.

* * *

As far as other factors in aggravation, those are not necessarily the statutory factors, but these are more converse to factors in mitigation. I cannot find that your conduct that was a result of the circumstances unlikely to recur.

My recollection in dealing with you in the residential burglary charge is that that was motivated by drug use, that the charge of burglary here that you are being resentenced on was perhaps motivated by drug use, or a situation where you were attempting to secure property and/or food, and that perhaps you were under the influence of illegal substances when that was committed, and, certainly, the unlawful defrauding of drug screening test, that was motivated by drug use, and, I said, if that is not going to stop, I could well image that it would not be long that I would have you here before me again on another charge, perhaps a property crime of this sort.

                    ***

I do find that a sentence to the [DOC] is necessary to deter others from committing the same offense, most notably the defrauding drug screening test. That, in my mind, is tantamount to attempting to commit fraud on the system, to commit a fraud on the court, and to try to skirt around compliance with my orders, and certainly there does in my mind need to be a serious punitive aspect to any sentence that would be imposed for a charge of that sort."

¶ 19    The trial court stated that it gave serious consideration to giving defendant another opportunity at probation because it was apparent his drug addiction was the root of his problem. However, the court found, "[t]here is nothing that I have to suggest that if I gave you another

opportunity at probation that you would be compliant with that, and I fear that we would be back on a Petition to Revoke or resentencing in fairly short order." Ultimately, the court resentenced defendant to a nine-year prison sentence for the burglary offense followed by a two-year period of mandatory supervised release (MSR). The court sentenced defendant to a six-year prison sentence for the offense of unlawful defrauding of a drug screening test followed by a one-year period of MSR. The court ordered the prison terms to run concurrently.

¶ 20 After sentencing defendant, the trial court admonished defendant that he had 30 days to file either a motion for reconsideration or a motion to withdraw his admission to the petition to revoke and that anything not contained in those motions would be waived on appeal.

¶ 21 D. Posttrial Motions

¶ 22 In August 2018, defendant's attorney filed a petition to allow and fix attorney fees, which listed the last date he worked on defendant's case as the date of the sentencing hearing. Subsequently, the trial court awarded defendant's attorney his attorney fees. On August 24, 2018, defendant filed a *pro se* notice of appeal. On September 13, 2018, this court allowed defendant's late notice of appeal.

¶ 23 II. ANALYSIS

¶ 24 On appeal, defendant argues the trial court erred by imposing an excessive sentence of nine-years' imprisonment. Defendant claims that, though the error was not preserved, we should find that the court committed plain error because (1) the court abused its discretion by meting out a sentence disproportionate to the nature of the offense and (2) the evidence was closely balanced. In the alternative, defendant claims that defense counsel's failure to preserve this error by filing a posttrial motion rendered counsel's assistance ineffective. For the following reasons, we affirm.

¶ 25                                    A. Excessive Sentence

¶ 26        Defendant argues the trial court erred by imposing an excessive sentence of nine

years' imprisonment for burglary and unlawful defrauding of a drug screening test convictions.

Specifically, defendant argues his sentence is excessive because it is both greatly at variance

with the spirit and the purpose of the law where the sentence ignores his rehabilitative potential

and is manifestly disproportionate to the nature of his burglary offense given the victims asked

that defendant not receive prison time and sought no restitution.

¶ 27        The trial court has discretion in sentencing and we will not reverse a sentence

absent an abuse of that discretion. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656.

Such discretion in sentencing is necessary because "the trial court is in a better position to judge

the credibility of the witnesses and the weight of the evidence at the sentencing hearing ***."

*People v. Ramos*, 353 Ill. App. 3d 133, 137, 817 N.E.2d 1110, 1115 (2004). "A sentence which

falls within the statutory range is not an abuse of discretion unless it is manifestly

disproportionate to the nature of the offense." *People v. Franks*, 292 Ill. App. 3d 776, 779, 686

N.E.2d 361, 363 (1997).

¶ 28        The Unified Code of Corrections (Unified Code) sets forth mitigating and

aggravating factors the trial court must consider when determining an appropriate sentence. 730

ILCS 5/5-5-3.1, 5-5-3.2 (West 2016). Under the Unified Code, drug addiction is not an explicit

factor in mitigation or aggravation. 730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2016). Instead, a history

of addiction is a "double-edged sword" that the court may view as a mitigating or aggravating

factor. *People v. Mertz*, 218 Ill. 2d 1, 83, 842 N.E.2d 618, 662 (2005). A court is therefore "free

to conclude, under the circumstances, that defendant's drug history simply had no mitigating

value but was, in fact, aggravating." *People v. Shatner*, 174 Ill. 2d 133, 160, 673 N.E.2d 258, 270 (1996).

¶ 29 Upon revocation of a defendant's probation,

"[The] defendant can be resentenced to any sentence which would have been appropriate for the underlying offense. [Citation.] Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation, and a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted. [Citations.] Thus, a defendant whose conduct on probation reflects poorly on his rehabilitation potential may be given a sentence more severe than the one which the court initially imposed. [Citation.]." *People v. Turner*, 233 Ill. App. 3d 449, 456-57, 599 N.E.2d 104, 110 (1992).

¶ 30 Defendant forfeited his claim that his nine-year prison sentence is excessive where he failed to file a motion to reconsider the sentence. See 730 ILCS 5/5-4.5-50(d) (West 2016) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the [trial court] clerk within 30 days following the imposition of sentence."). When a defendant fails to file a motion to reconsider his sentence to preserve sentencing issues on appeal, the court's sentencing decision

- 11 -

will only be overturned if the defendant demonstrates plain error. *People v. Moreira*, 378 Ill. App. 3d 120, 131, 880 N.E.2d 263, 272 (2007).

¶ 31    Under the plain-error doctrine, we first determine whether a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007).  If the reviewing court determines a clear or obvious error occurred, the second step is to determine whether (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Id.*  Thus, we turn to whether the court abused its discretion by committing a clear or obvious error in sentencing defendant to a nine-year term of imprisonment.

¶ 32    The trial court errs where the sentence is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000).  As the court determines an appropriate sentence, "a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed." *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001).

¶ 33    In determining defendant's sentence, the trial court considered the information in the PSI report, all of the evidence presented at the sentencing hearing, the recommendations of counsel, defendant's statement in allocution, and the relevant statutory factors in aggravation and mitigation.  At the sentencing hearing, the court summarized the details of defendant's case, finding defendant committed the burglary while on parole for a 2014 residential burglary

conviction. Two weeks after receiving probation for the burglary offense, defendant violated his probation by testing positive for amphetamine and methamphetamine. Ultimately, the State charged defendant with unlawful defrauding of a drug screening test after he brought in a urine sample belonging to another in an attempt to defraud the drug screening test. The court found that while defendant entered inpatient treatment for his drug addiction after being charged with unlawful defrauding of a drug screening test, he continued to use drugs and made attempts to mask the presence of illegal drugs in his system.

¶ 34        The record indicates the trial court considered factors both in aggravation and mitigation. In mitigation, the court found that defendant's conduct did not threaten serious physical harm to another. In aggravation, the court considered defendant's history of criminality, defendant's lack of rehabilitation potential, the likely probability that defendant would reoffend, and the need to deter others from committing the same offense, particularly the defrauding of a drug screening test offense. While the court gave serious consideration to giving defendant another opportunity at probation given it was apparent defendant's drug addiction was the root of his problem, the court found, "[t]here is nothing that I have to suggest that if I gave you another opportunity at probation that you would be compliant with that, and I fear that we would be back on a Petition to Revoke or resentencing in fairly short order."

¶ 35        The Illinois Constitution requires that the trial court achieve a balance between the retributive and rehabilitative purposes of punishment. *Turner*, 233 Ill. App. 3d at 457 (citing Ill. Const. 1970, art. I, § 11). Here, the court based defendant's sentence on his lack of rehabilitative potential demonstrated by his conduct while on parole for residential burglary and his conduct while on probation. Defendant's actions demonstrated the likelihood that he would

continue to commit criminal acts to fuel his drug addiction and would continue to fail to take the necessary steps to address his addiction.

¶ 36        Defendant argues the trial court abused its discretion in sentencing him to nine years' imprisonment because the sentence was manifestly disproportionate to the nature of his offense. Defendant cites *People v. Busse*, 2016 IL App (1st) 142941, 69 N.E.3d 425, in support of his argument.

¶ 37        In *Busse*, 2016 IL App (1st) 142941, ¶ 1, the defendant was caught stealing $44 worth of quarters from a university vending machine. The defendant had a long criminal history of committing the same crime but was not considered violent or a threat to the public. *Id.* ¶ 2. The trial court sentenced him to 12 years' imprisonment, as a Class X offender due to his criminal history. *Id.* ¶¶ 1-2. On appeal, the defendant's sentence was reduced to six years because the majority concluded the 12-year sentence did not reflect the seriousness of the offense. *Id.* ¶¶ 34, 38.

¶ 38        We find *Busse* distinguishable. Here, while the trial court determined that defendant did not threaten serious physical harm to others, the court found a nine-year sentence reflected the seriousness of defendant's crime where defendant had a history of drug addiction that motivated several criminal acts, including the previously charged residential burglary, the burglary charge that defendant is challenging, and the subsequent unlawful defrauding of a drug screening test that resulted in revocation of his probation. In sentencing defendant to nine years' imprisonment, the court considered not only the facts of defendant's burglary but also the fact that he was on parole at the time and further that he violated his probation two weeks after sentencing by committing an additional offense.

¶ 39        Further, defendant claims that the trial court made statements during the February 2018 plea hearing that indicate the court had a predisposition against probation. Defendant argues that the court's comments at the plea hearing show that the court had no intention of considering probation if defendant were to violate his probation and end up back in front of the court on resentencing. At the plea hearing, the court concurred in the negotiated plea agreement, but it did so "pretty reluctantly[,]" and, further, the court stated,

> "Moreover, I will say in the event you go the next 24 months, and if there were any violations of the order of probation between now and 24 months from now, that you could be back in here being resentenced and the State could file a Petition to Revoke, and I can tell you if you were before me in a resentencing, that I would be hard-pressed to do anything other than send you to the [DOC], Mr. Maguire, and for a fairly lengthy period in a range of three to fourteen years, and I hope that you would keep that in mind as you go forward here today."

In support of his argument, defendant cites *People v. Daly*, 2014 IL App (4th) 140624, 21 N.E.3d 810.

¶ 40        In *Daly*, 2014 IL App (4th) 140624, ¶ 18, the trial court at sentencing stated that it had a duty to see that driving under the influence was deterred and that a sentence of probation would deprecate the seriousness of the offense. On appeal, this court found that the trial court's comments at sentencing demonstrated a predisposition against probation for certain types of offenders. *Id.* ¶ 36. Specifically, this court stated that, "a trial judge 'may not refuse to consider

- 15 -

an alternative [sentence] simply because the defendant is in a class disfavored by the court.' "

*Id.*

¶ 41      We find *Daly* distinguishable.  Here, the trial court did not declare that all persons who commit burglary should not receive probation if they violate their probation.  Rather, the court stated that based on defendant's criminal history and addiction issues it would be unlikely that he would not receive jail time if he were to violate his probation.  "[A] proper sentence must be based upon the particular facts and circumstances of each individual case." *Id.*

¶ 42      We find the trial court did not abuse its discretion in sentencing defendant to a middle-range sentence of nine years' imprisonment where defendant demonstrated a continued disregard for addressing his substance abuse issues and repeatedly engaged in criminal activities while on probation from previous offenses.  Defendant's conduct demonstrated a lack of rehabilitative potential and likely recidivism that reasonably required a term of imprisonment.  Therefore, we cannot say that the court abused its discretion by sentencing defendant to nine years' imprisonment in this case.  Accordingly, defendant fails to demonstrate a clear or obvious error to support his contention of plain error.

¶ 43                    B. Ineffective Assistance of Trial Counsel

¶ 44      In the alternative, plaintiff argues his trial counsel was ineffective for failing to preserve this excessive sentencing issue in a posttrial motion.  To succeed on a claim of ineffective assistance of counsel, defendant must show that (1) the attorney's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246, 1255-56 (1984).

¶ 45    However, because the trial court did not err in sentencing defendant to a nine-year prison sentence, defendant suffered no prejudice when defense counsel failed to file a motion to reconsider defendant's sentence.  Therefore, trial counsel did not render ineffective assistance in the trial court.

¶ 46                                III. CONCLUSION

¶ 47    For the foregoing reasons, we affirm the trial court's judgment.

¶ 48    Affirmed.